# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF ARKANSAS
# CENTRAL DIVISION

**DANIEL PEDRAZA**  **PLAINTIFF**
*ADC #155040*

v.   CASE NO. 4:22-CV-01119-BSM

**DARREN DILL,** *Lieutenant/Sergeant*
*Arkansas Department of Corrections,*
*Cummins Unit*   **DEFENDANT**

## ORDER

After *de novo* review of the record, Magistrate Judge Benecia B. Moore's proposed findings and recommendation [Doc. No. 85] is adopted and Darren Dill's motion for summary judgment [Doc. No. 71] is granted. Daniel Pedraza's First Amendment retaliation claim against Dill is dismissed with prejudice because he has not shown that he was subjected to adverse action nor that there is a causal connection between his filing of a grievance and job reassignment.

Although Pedraza notes that his working conditions in the kitchen were worse than in the barbershop in his objection, that is not enough to save his claim. *United States v. Hayden*, 759 F.3d 842, 846 (8th Cir. 2014) (district court's have discretion to receive new evidence while conducting a *de novo* review). This is because his objection brief is not itself evidence and he does not point to anything in the record that support his assertion.

It is well noted that Pedraza's ability as a prisoner to gather evidence for his claim is somewhat limited, however, it was still his burden to produce support that his grievance was

the but for cause of his removal from his job and he has not done so. *Sisneros v. Nix*, 95 F.3d 749, 752 (8th Cir. 1996).

Magistrate Judge Moore has already granted Pedraza's motion for reimbursement. *See* Doc. No. 84.  The speed at which the reimbursement is distributed is not at the Judge's discretion; therefore, Pedraza's motion [Doc. No. 86] requesting a faster solution is denied.

IT IS SO ORDERED this 16th day of July, 2025.

_____
UNITED STATES DISTRICT JUDGE